**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30250 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00060-SEH-1 |
| v. | |
| JAMES ADAM BOYKEN DAVISON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 4, 2010[**]
Seattle, Washington

Before: WARDLAW and GOULD, Circuit Judges, and MILLS, District Judge.[***]

James Adam Boyken Davison ("Davison") appeals his sentence to 106

months' imprisonment following his guilty plea and conviction of  attempting to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

manufacture methamphetamine within 1,000 feet of a university in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The conviction is not challenged; the sole appeal is to the sentence.[1] The district court did not err by finding, by clear and convincing evidence, that Davison created a substantial risk of harm to the life of his eleven-month old son. *See* USSG § 2D1.1(b)(10)(D). The district court addressed the four factors enumerated in Guidelines Application Note 20(A), considered the particular characteristics of Davison's manufacturing operation, and employed the correct burden of proof. *See United States v. Staten*, 466 F.3d 708, 716–18 & n.4 (9th Cir. 2006). Clear and convincing evidence supports the district court's finding that Davison's son was present in the apartment throughout the offense. Davison kept dangerous chemicals in places to which his son had access, stored chemicals in a manner that was not child-resistant, and disposed of dangerous materials in ordinary trash cans and trash bags proximate to his son. Davison also covered a bathroom vent, exposing his son to the dangers of toxic fumes. The government's expert, Doctor

---

[1] We review a district court's interpretation of the United States Sentencing Guidelines ("Guidelines") de novo, its application of the Guidelines for abuse of discretion, and its factual findings for clear error. *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1167 (9th Cir. 2009).

Nancy Maynard, testified to the serious risks that the presence of the toxic chemicals used in and produced during methamphetamine manufacture pose to an eleven-month old child. There was clear and convincing evidence that Davison's son had been exposed to these risks for at least two weeks. This evidence included Davison's statement to the police officers, statements in the parties' Joint Memorandum in Aid of Sentencing and Stipulated Facts, the quantity of chemicals and discarded containers found in Davison's apartment, and the progress that Davison had made in manufacturing methamphetamine until apprehended. That methamphetamine was found in a baby-food jar and that Davison's son tested positive for methamphetamine confirm the substantial risk of harm Davison's careless methamphetamine manufacture posed to his son. Those who would manufacture methamphetamine with an infant child crawling underfoot and in the presence of dangerous chemicals cannot validly challenge that they have placed the child in serious danger.

**AFFIRMED.**